IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | CRIMINAL NO. H-05-0354-1 |
| | § | CIVIL NO. H-08-3042 |
| CHARLTON ORIASO ESEKHIGBE. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] (Docket Entry No. 51.) The motion was filed by counsel of record, but Defendant is currently proceeding *pro se*. The Government responded and filed a motion to dismiss based on expiration of limitations. (Docket Entry No. 55.) Defendant responded to the Government's motion. (Docket Entry No. 56.)

Upon due consideration of the pleadings, the motions and responses, the record, and the applicable law, the Court **GRANTS** the motion to dismiss and **DENIES** the section 2255 motion as barred by limitations.

### I. BACKGROUND AND CLAIMS

On September 29, 2005, Defendant pleaded guilty to possession with intent to distribute a controlled substance, namely 50 grams or more of a mixture and substance containing cocaine base (count one), and possession of a firearm by a felon (count two).

---

[1] Defendant filed a subsequent *pro se* amended motion, but failed to serve the Government. (Docket Entry No. 60.) Consequently, the amended motion is not before the Court. Even assuming it were before the Court, it would be subject to the same limitations bar as is the original motion.

(Docket Entry No. 21.) At the sentencing hearing held February 17, 2006, the Court sentenced Defendant to 240 months as to count 1 and 120 months as to count 2, to run concurrently, followed by a ten-year term of supervised release. (Docket Entry No. 35.)

The Fifth Circuit Court of Appeals affirmed the judgment on March 7, 2007, *United States v. Esekhigbe*, 2007 WL 686668 (5th Cir. 2007), and the Supreme Court denied Defendant's petition for a writ of certiorari on October 1, 2007. Defendant's conviction became final for purposes of the federal one-year statute of limitations on that same date. *See United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000) (holding that a conviction becomes final on the date the Supreme Court denies a defendant's petition for writ of certiorari).

Defendant, acting through counsel of record, filed the instant section 2255 motion on October 6, 2008, asserting three claims for ineffective assistance of counsel. The Government argues that the section 2255 motion is untimely and barred by the one-year statute of limitations. Defendant argues that he is entitled to equitable tolling because counsel used the wrong date in calculating the one-year deadline.

## II. ANALYSIS

Section 2255 motions are subject to the following one-year statute of limitations found in 28 U.S.C. § 2255(f):

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

2

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). The parties agree that Defendant's conviction became final for purposes of limitations on October 1, 2007, when the Supreme Court denied a writ of certiorari, and that limitations expired one year thereafter, on October 1, 2008. The parties further agree that the instant section 2255 motion, filed by counsel on October 6, 2008, is untimely. The Government argues that the motion must be dismissed as barred by limitations; Defendant argues that he is entitled to equitable tolling due to professional error by counsel. Thus, the issue before this Court is whether counsel's miscalculation of the limitations deadline entitles Defendant to equitable tolling.

It is undisputed that counsel used an incorrect date to calculate limitations. In Defendant's response to the motion to dismiss, counsel alleged the following:

> Counsel for Defendant fully relied upon the General Docket Report for the Fifth Circuit which reflects that that Court received the U. S. Supreme [sic] Order denying Defendant's Petition for Writ of Certiorari on October 9, 2007. It was exclusively relying on that basis that Counsel earnestly believed that

3

> the electronic filing of the § 2255 Motion would be three (3) days earlier than the one-year deadline.
>
> * * * *
>
> At the time the § 2255 Motion was electronically filed Counsel had no other documentary information at hand or in his file in which with which to determine any other relevant date beyond that published by the U. S. Court of Appeals for the Fifth Circuit.

(Docket Entry No. 56, pp. 1–2.) The law, of course, is clear: Defendant's conviction became final for purposes of limitations on October 1, 2007, the date that the Supreme Court denied certiorari, and not on the date that the Fifth Circuit received the Supreme Court's order. *See Thomas*, 203 F.3d at 355.

Defendant argues that counsel's excusable neglect in miscalculating the deadline should act to allow equitable tolling under section 2255(f). Defendant's argument, however, is foreclosed by well established Supreme Court and Fifth Circuit precedent. In *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), the Supreme Court expressly rejected the petitioner's contention that his counsel's mistake in miscalculating the limitations period entitled him to equitable tolling. "Attorney miscalculation," the Court held, "is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel." *Id.*, at 336–337. In *Holland v. Florida*, the Supreme Court reaffirmed its prior decisions in *Lawrence* and *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990), that an attorney's negligence of this type does not provide a basis for tolling a statutory time limit:

4

> We have previously held that 'a garden variety claim of excusable neglect,' *Irwin*, such as a simple 'miscalculation' that leads a lawyer to miss a filing deadline, *Lawrence*, does not warrant equitable tolling.

560 U.S. ___, 130 S. Ct. 2549, 2564 (2010) (citations omitted). *See also United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) ("We do not extend equitable tolling under § 2255(f) to instances of 'excusable neglect.'").

Consequently, Defendant is not entitled to equitable tolling of limitations based on his counsel's miscalculation of the one-year deadline, and the instant section 2255 motion is barred by limitations.

### III. CONCLUSION

The Government's motion to dismiss (Docket Entry No. 55) is **GRANTED**, and Defendant's section 2255 motion (Docket Entry No. 51) is **DENIED** as barred by limitations. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the 20th day of June, 2012.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE